1  Jacey Prupas, Esq.
   Nevada Bar No. 9156
2  Morgan Petrelli, Esq.
   Nevada Bar No. 13221
3  SNELL & WILMER L.L.P.
   3883 Howard Hughes Pkwy., Ste. 1100
4  Las Vegas, NV 89169
   Tel.  (702) 784-5200
5  Fax. (702) 784-5252
   Email: jprupas@swlaw.com
6          mpetrelli@swlaw.com

7  *Attorneys for Defendants*

8            **UNITED STATES DISTRICT COURT**

9               **DISTRICT OF NEVADA**

10

| | |
|---|---|
| 11 IGNACIO GONZALES ORTIZ, an individual; and ADELINA CHAPARRO, an individual, | Case No.: |
| 12 | |
| 13 | **NOTICE OF REMOVAL** |
| 14 Plaintiffs, vs. | ***JURY DEMANDED*** |
| 15 DAVID JOHN LYNCH, an individual; SYSTEM TRANSPORT, INC., a foreign corporation; DOE INDIVIDUALS I through X; and ROE ENTITIES I through X, Inclusive, | |
| 16 | |
| 17 | |
| 18 | |
| 19 Defendants. | |

20  **TO:    THE UNITED STATES DISTRICT COURT FOR THE DISTRICT OF NEVADA**

21        PLEASE TAKE NOTICE THAT Defendants David John Lynch and System Transport, Inc.

22  (collectively, "Defendants"), pursuant to 28 U.S.C. §§ 1332, 1441, and 1446 hereby remove to this

23  Court Case No. CV21-0743, bearing the above caption and currently pending in Department 1 of

24  the Fifth Judicial District Court, Nye County, Nevada (the "Action").  In support of this Notice of

25  Removal, Defendants state:

26            **I.    STATE COURT ACTION**

27        On December 8, 2021, Plaintiffs filed a Complaint in the Fifth Judicial District Court, Nye

28  County against Defendants and DOE INDIVIDUALS I-X, and ROE ENTITIES I-X.  Copies of all

Snell & Wilmer
L.L.P.
LAW OFFICES
3883 Howard Hughes Parkway, Suite 1100
Las Vegas, Nevada 89169
702.784.5200

1   the pleadings currently on file in this case are attached as **Exhibit A** pursuant to 28 U.S.C. § 1446.

2   Plaintiffs allege in their Complaint that they were injured in an automobile accident on December

3   20, 2019.  *See* Plaintiffs' Complaint, attached hereto as Exhibit A along with all other state court

4   filings.

## II.   BASIS FOR REMOVAL

### A.   Timeliness of Removal

A notice of removal must be filed within 30 days after receipt by the defendant of the initial

pleading setting forth the claim for relief upon which the action is based.  28 U.S.C. § 1446(b).  The

thirty-day period for removal does not begin to run until a party has received a copy of the complaint

and has been properly served.  *Murphy Brothers, Inc. v. Michetti Pipe Stringing, Inc.*, 526 U.S. 344,

347-48 (1999); *Grand Canal Shops II, LLC v. Iavarone*, 2:12-CV-0013-KJD, 2012 WL 1376974

(D. Nev. Apr. 19, 2012) (holding that "28 U.S.C. § 1446(b)'s 30-day window begins to run once

the defendant is notified of the action and brought under a court's authority by formal process.")

Thirty days have not elapsed since Defendants received a copy of the Summons and

Complaint in this action. System Transport, Inc. was served with a copy of the Summons and

Complaint on December 13, 2021. David John Lynch was served with a copy of the Summons and

Complaint on December 22, 2021.   This Notice of Removal is timely filed because it was filed

within thirty days after receipt of the Summons and Complaint by Defendants and is filed within

one year of the filing of the Complaint.  28 USC §1446(b).

### B.   Consent to Removal

As a general rule, removal requires the consent of all defendants.  All defendants must join

in the removal within thirty days of service upon the first non-fraudulently joined defendant.  *Soto*

*v. Countrywide Home Loans Inc*., 3:11-CV-00693-RJC, 2011 WL 6179152 (D. Dev. Dec. 9, 2011)

(citing *United Computer Sys., Inc. v. AT & T Corp.,* 298 F.3d 756, 762-63 (9th Cir. 2002.)  [T]he

'unanimity rule' requires that all properly served or joined defendants consent in the removal of the

petition."  *O'Connell v. JP Morgan Chase Bank, N.A*., 3:11-CV-00685-RJC, 2012 WL 1739711

(D. Nev. May 11, 2012) (citing *Destifino v. Reiswig*, 630 F.3d 952, 956 (9th Cir. 2011).  Here, all

properly served Defendants join in the removal of this action.

Snell & Wilmer
L.L.P.
LAW OFFICES
3883 Howard Hughes Parkway, Suite 1100
Las Vegas, Nevada 89169
702.784.5200

**C.      This Court Has Jurisdiction Over the Claims Raised in the Complaint.**

Under 28 U.S.C. §1441, defendants have a statutory right to remove a case from state court to a United States District Court where that case could have originally been filed in federal court. The grant of this right is authorized by Article III, Section 2 of the United States Constitution, which extends judicial power of the federal courts to controversies "between citizens of different states." 28 U.S.C. §1332. This action is pending in the District Court for Nye County, Nevada. This Court embraces Nye County.  28 U.S.C. §108. This Court is therefore the proper court to which the action should be removed.  28 U.S.C. § 1441(a).

Removal is proper in this case because the court has original jurisdiction of this action under 28 U.S.C. §1332 because there is complete diversity of citizenship between the parties and the amount in controversy, exclusive of interest and costs, exceeds $75,000.00.  *See* 28 U.S.C. §1441.

**1.      The Amount in Controversy Requirement is Satisfied.**

The amount in controversy in this matter exceeds the sum of $75,000.00, exclusive of interests and costs.  Plaintiffs seek compensatory damages (general and special) under theories of negligence for injuries they purportedly sustained when their vehicle was involved in a collision with a semi-truck driven by Mr. Lynch on December 20, 2019. *See* Compl., ¶¶9-80; Compl., Prayer for Relief. Plaintiffs claim that as a result of the accident, they "sustained significant injuries and impairments." *See* Compl., ¶25. Upon information and belief, Plaintiffs currently claim over $246,000 in past medical expenses and further allege that, as a result of the accident, they have "sustained personal injuries, all or some of which conditions may be permanent and disabling" and Plaintiffs claim to have incurred damages for "pain, suffering, anxiety, disability, emotional distress, physical injuries and medical treatment both past and future…" *See* Compl., ¶¶ 45, 63, 74; Prayer for Relief ¶¶ 3-5.  Plaintiffs also allege lost wages, lost earing capacity and loss of past and future household services. *See* Compl., ¶¶ 29, 30, 48, 49, 67, 68, 78, 79; Prayer for Relief ¶ 5, 6. Given Plaintiffs' claim for pain and suffering, lost wages and future medical expenses, it is clear that Plaintiffs are seeking relief in excess of the $75,000 jurisdictional minimum. Defendants, however, do not concede that they are liable for any conduct that would warrant the imposition of any damages alleged by Plaintiffs.

Snell & Wilmer
L.L.P.
LAW OFFICES
3883 Howard Hughes Parkway, Suite 1100
Las Vegas, Nevada 89169
702.784.5200

1

**2.    Complete Diversity Exists Among the Parties.**

2      Defendants are not citizens of the State of Nevada.  Moreover, Defendants are informed and

3  believe that Plaintiffs are not citizens or residents of any state where any of the defendants are

4  citizens. Thus, complete diversity exists, and this Court has diversity jurisdiction in this matter as

5  explained in more detail below.

6      Defendants are informed and believe that Plaintiffs are, and at the time of filing the

7  Complaint and all intervening times were citizens and residents of the State of Nevada.  *See* Compl.,

8  ¶¶ 1-2.

9      System Transport is now, and at the time the Complaint was filed and at all intervening

10  times was, incorporated under the laws of the State of Washington with its principal place of

11  business located in Spokane, Washington.

12      Mr. Lynch is now, and at the time the Complaint was filed and at all intervening times was

13  a citizen and resident of the State of California.

14      For purposes of removal under 28 U.S.C. §1441, *et seq*, the citizenship of defendants sued

15  under fictitious names is disregarded. 28 U.S.C. §1441(a).

16      **D.    Notice**

17      Written notice of the removal will be served on all other parties, and Defendants will timely

18  file a Notice of Removed Action in District Court, Nye County, Nevada, a true and correct copy of

19  which is attached as **Exhibit B**.  28 USC §1446(d).

20      Defendants reserve the right to amend or supplement this Notice of Removal.

21      **III.    CONCLUSION**

22      Because Defendants have timely filed their Notice of Removal of the Action, for which this

23  Court has original jurisdiction based on diversity of citizenship, and because all other requirements

24  for removal have been met, the Action is properly removed to this Court pursuant to 28 U.S.C. §

25  1441(a).  Accordingly, Defendants respectfully request this Court assume full jurisdiction over the

26  Action and that the Action be removed to the United States District Court for the District of Nevada.

27      **JURY DEMAND**

28      Defendants demand a trial by jury on all issues appropriate for jury determination.

Snell & Wilmer
L.L.P.
LAW OFFICES
3883 Howard Hughes Parkway, Suite 1100
Las Vegas, Nevada 89169
702.784.5200

1    WHEREFORE, Defendants hereby requests that this action now pending against them in

2    the District Court, Nye County, Nevada be removed to this Court.

3

4    Dated: January 4, 2022                                    SNELL & WILMER L.L.P.

5

6                                                              By: */s/ Morgan T. Petrelli*
                                                              Janine C. Prupas, Esq.
7                                                             Morgan T. Petrelli, Esq.
                                                              3883 Howard Hughes Pkwy., Ste. 1100
8                                                             Las Vegas, NV 89169

9                                                             *Attorneys for Defendants*

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

## CERTIFICATE OF SERVICE

I, the undersigned, declare under penalty of perjury, that I am over the age of eighteen (18) years, and I am not a party to, nor interested in, this action.  On this date, I caused to be served a true and correct copy of the foregoing **NOTICE OF REMOVAL** by method indicated below:

☐ **BY FAX:** by transmitting via facsimile the document(s) listed above to the fax number(s) set forth below on this date before 5:00 p.m. pursuant to EDCR Rule 7.26(a).  A printed transmission record is attached to the file copy of this document(s).

☐ **BY U.S. MAIL:** by placing the document(s) listed above in a sealed envelope with postage thereon fully prepaid, in the United States mail at Las Vegas, Nevada addressed as set forth below.

☐ **BY EMAIL:** by emailing a PDF of the document listed above to the email addresses of the individual(s) listed below.

☒ **BY ELECTRONIC SUBMISSION:** submitted to the above-entitled Court for electronic filing and service upon the Court's Service List for the above-referenced case.

Michael S. Valiente, Esq.
Timothy A. Mott, Esq.
James A. Trummell, Esq.
**VALIENTE MOTT, LTD.**
7785 W. Sahara Ave., Ste. 102
Las Vegas, Neada 89117
mike@valientemott.com
tim@valientemott.com
jim@valientemott.com

*Attorneys for Plaintiffs*

DATED January 4, 2022.

*/s/ Lyndsey Luxford*
An employee of SNELL & WILMER L.L.P.

4875-6822-8360

- 6 -