# EXHIBIT A

MICHAEL S. VALIENTE, ESQ.
Nevada Bar No. 14293
mike@valientemott.com
TIMOTHY A. MOTT, ESQ.
Nevada Bar No. 12828
tim@valientemott.com
JAMES A. TRUMMELL, ESQ.
Nevada Bar No. 14127
jim@valientemott.com
VALIENTE MOTT, LTD.
7785 W. Sahara Ave. #102
Las Vegas, Nevada 89117
Telephone: (702) 623-2323
Facsimile: (702) 623-2323

*Attorneys for Plaintiffs*

FILED
FIFTH JUDICIAL DISTRICT

DEC - 8 2021

Nye County Clerk
Sarah Westfall  Deputy

## IN THE FIFTH JUDICIAL DISTRICT COURT

## IN AND FOR THE COUNTY OF NYE, STATE OF NEVADA

| | |
|---|---|
| IGNACIO GONZALES ORTIZ, an individual; and ADELINA CHAPARRO, an individual, <br><br> Plaintiffs, <br><br> v. <br><br> DAVID JOHN LYNCH, an individual; SYSTEM TRANSPORT, INC., a foreign corporation; DOE INDIVIDUALS I through X; and ROE ENTITIES I through X, Inclusive, <br><br> Defendants. | Case No.: CV21-0743 <br> Dept. No.: 1 <br><br> **COMPLAINT** <br> **AND** <br> **DEMAND FOR JURY TRIAL** <br><br> **EXEMPTION FROM ARBITRATION REQUESTED – AMOUNT IN CONTROVERSY IN EXCESS OF $50,000** |

Plaintiffs IGNACIO GONZALES ORTIZ and ADELINA CHAPARRO, by and through their attorneys Michael S. Valiente, Esq., Timothy A. Mott, Esq., and James A. Trummell, Esq. of the law firm VALIENTE MOTT LTD., for their causes of action against Defendant DAVID JOHN LYNCH, individually, and Defendant SYSTEM TRANSPORT, INC., and each of them, complains and alleges as follows:

1

## PARTIES AND JURISDICTION

1. Plaintiff IGNACIO GONZALES ORTIZ ("Plaintiff ORTIZ"), at all times herein mentioned, is and was a resident of Nye County, State of Nevada.

2. Plaintiff ADELINA CHAPARRO ("Plaintiff CHAPARRO"), at all times herein mentioned, is and was a resident of Esmeralda County, State of Nevada. (Plaintiffs ORTIZ and CHAPARRO collectively referred to hereinafter as "Plaintiffs").

3. Upon information and belief, at the time of the incident on December 20, 2019, and at all times relevant thereto, Defendant DAVID JOHN LYNCH ("Defendant LYNCH") is and was a resident of San Diego County, State of California.

4. Upon information and belief, at the time of the incident on December 20, 2019, and at all times relevant thereto, Defendant SYSTEM TRANSPORT, INC. ("SYSTEM TRANSPORT") was a foreign corporation, authorized to conduct and do business in Spokane County, State of Washington. Defendants LYNCH and SYSTEM TRANSPORT collectively referred to hereinafter as "Defendants")

5. Pursuant to NRCP 10(d) and *Costello v. Casler*, 127 Nev. 437, (2011), the identity of resident and non-resident defendants designated herein as DOE INDIVIDUALS I through X, and ROE ENTITIES I through X, inclusive, in their true capacities, whether individual, corporate, associate or otherwise of the Defendants named herein are unknown to Plaintiff who, therefore, sue said Defendants by said fictitious names. Plaintiffs are informed and believe and thereon allege that each of the Defendants designated as DOE INDIVIDUALS I through X and/or ROE ENTITIES I through X are responsible in some manner for the events and happenings referred to herein and caused damages proximately to Plaintiffs as herein alleged. To the extent Plaintiffs did not name a correct entity, Plaintiffs will move to amend this Complaint to insert the true names and capacities of DOE INDIVIDUALS I through X and ROE ENTITIES I through X when the same have been ascertained and to join such Defendants in this action.

///

///

2

6. Plaintiffs are informed and believe, and thereon allege, that at all relevant times mentioned herein, named Defendants, DOES and ROES, and each of them, were the owner, partner, servant, officer, agent, employer and/or employee of the other, and each of them, and were at all relevant times acting within the scope and performance of said partnership, agency, master/servant, and employment relationship and with the knowledge and consent of the remaining Defendants at the time of the event leading to Plaintiffs' injury.

7. Exercise of jurisdiction by this Court in this action is appropriate because Plaintiffs resided in Nevada, continue to reside in Nevada, the tortious conduct occurred in Nevada, and the amount in controversy is in excess of $15,000.00.

8. Venue is proper in the Fifth Judicial District Court, Nye County, State of Nevada, as the Plaintiffs are domiciled in Nye County, Nevada and the tort occurred in Nye County, Nevada.

## GENERAL FACTUAL ALLEGATIONS

9. Plaintiffs incorporate and reallege the preceding paragraphs as though fully set forth herein.

10. Upon information and belief, on December 20, 2019 and at all times relevant hereto, Defendant SYSTEM TRANSPORT was a commercial flatbed trucking company which had ownership, possession, custody, or control over the semi-truck tractor and/or trailer that was involved in the motor vehicle collision with is the subject of this complaint.

11. Upon information and belief, on December 20, 2019 and at all times relevant hereto, Defendant SYSTEM TRANSPORT employed, contracted with, or otherwise authorized agency through Defendant LYNCH to transport large freight on behalf of Defendant SYSTEM TRANSPORT.

12. Upon information and belief, on December 20, 2019 at all times relevant hereto, Defendant LYNCH was an employee and/or agent and/or contractor and/or representative of Defendant SYSTEM TRANSPORT.

13. Upon information and belief, the December 20, 2019, motor vehicle collision, which is the basis for this Complaint, occurred in Nye County, State of Nevada.

14. On or about December 20, 2019, at 11:49 am Plaintiffs were severely injured in a motor vehicle collision that occurred on State Route 376 ("SR376") near mile marker 46.

15. On the date and time of the collision, Plaintiff ORTIZ was driving a 2007 Chevrolet Colorado ("Plaintiffs' Vehicle") and Defendant LYNCH was operating and driving a 2004 Peterbilt Semi-Truck with an attached flat-bed trailer.

16. Upon information and belief, Defendant SYSTEM TRANSPORT owned the 2004 Peterbilt Truck with an attached flat-bed trailer that Defendant LYNCH was operating at the time of the collision ("Defendants' Vehicle").

17. On the date and time of the collision, Plaintiff ORTIZ was travelling northbound on SR376 toward Round Mountain, Nevada.

18. On the date and time of the collision, Defendants were, also, travelling northbound on SR376 behind Plaintiffs' Vehicle.

19. Prior to the subject collision, Plaintiffs' vehicle had slowed down in preparation to make a lawful left turn.

20. Defendant LYNCH failed to use due care and crashed the front end of Defendants' Vehicle into the right, rear-end of Plaintiffs' Vehicle causing significant impact and property damage.

21. All of the foregoing paragraphs shall be hereafter referred to as the "subject incident".

22. Upon information and belief, at all times relevant hereto, Defendant LYNCH was driving Defendants' Vehicle within the course and scope of his employment/agency with Defendant SYSTEM TRANSPORT.

23. Upon information and belief, at the time of the subject incident, Defendant LYNCH had permission, authority, and/or consent, whether express or implied, from Defendant SYSTEM TRANSPORT to operate Defendants' vehicle during the time the subject incident occurred.

24. That, pursuant to NRS 41.130, Defendant SYSTEM TRANSPORT is vicariously liable for the damages caused by their employee/agent's actions and negligence.

25. As a result of the subject incident, Plaintiffs sustained significant injuries and impairments.

26. That as a direct and proximate result of the negligence of Defendants, and each of them, a traffic collision occurred and Plaintiffs sustained personal injuries, all or some of which conditions may be permanent and disabling, and is entitled to recover damages for the pain, suffering, anxiety, disability, emotional distress, physical injuries and medical treatment, both past and future, relating to his injuries, all of which are damages recoverable, in an amount in excess of Fifteen Thousand Dollars ($15,000.00).

27. That as a direct and proximate result of the negligence of Defendants, and each of them, Plaintiffs received medical care and other treatment for the aforementioned injuries, and has incurred expenses for medical care and treatment and expenses incidental thereto, all to Plaintiffs' damages, the present amount of which is unknown. Such expenses will continue to accrue in the future, all to Plaintiffs' damages in a presently unascertainable amount. In this regard, Plaintiffs pray for leave of the Court to insert all said damages herein when the same have been fully ascertained.

28. That as a direct and proximate result of the negligence of Defendants, and each of them, Plaintiffs have suffered physical impairment, mental anguish, and loss of enjoyment of life, all of which are damages recoverable by Plaintiffs, in a presently unascertainable amount.

29. That as a direct and proximate result of the aforementioned negligence of Defendants, and each of them, Plaintiffs have sustained a loss of earning capacity, past and future, as well as a loss of wages.

30. That as a further direct and proximate result, Plaintiffs have suffered a loss of past and future household services in an amount to be proven at trial.

31. That as a direct and proximate result of the aforementioned negligence of Defendants, and each of them, Plaintiffs have been required to engage the services of an attorney, incurring attorney's fees and costs to bring this action.

///

///

## FIRST CAUSE OF ACTION
(Negligence – Against All Defendants)

32. Plaintiffs incorporate and reallege the preceding paragraphs as though fully set forth herein.

33. Plaintiff ORTIZ allege that at all relevant times, including at the time of impact, he was acting reasonably and acting lawfully as the driver of his vehicle.

34. Plaintiffs allege that at all times mentioned herein Defendant LYNCH was the driver of the Defendants' Vehicle that caused the motor vehicle collision resulting in Plaintiffs' injuries.

35. Plaintiffs allege that at all times mentioned herein Defendant LYNCH owed a duty of care to Plaintiffs to operate, drive, control, service and maintain Defendants' Vehicle in a reasonably safe manner.

36. Plaintiffs allege that, at the time of the subject incident, Defendant LYNCH breached his duty of care owed to Plaintiffs by negligently and carelessly operating his vehicle in an unsafe manner causing his vehicle to collide into the rear-end of Plaintiffs' vehicle, which resulted in Plaintiffs' injuries.

37. Plaintiffs allege that, at all times mentioned herein, Defendant SYSTEM TRANSPORT owed a duty of care to Plaintiffs to operate, drive, maintain, and control the subject vehicle in a reasonably safe manner.

38. Plaintiffs allege that, at all times mentioned herein, Defendant SYSTEM TRANSPORT breached its duty of care to owed to Plaintiffs by allowing the negligent and careless operation, driving, maintenance, and/or control or Defendants' vehicle in an unsafe manner causing it to collide into the rear-end of Plaintiffs' vehicle.

///
///
///
///
///

39. Plaintiff alleges that, at all times mentioned herein, Defendants, and each of them, owed a duty of care to Plaintiffs to operate, drive, maintain, service, and control their vehicle in a reasonably safe manner.

40. Plaintiff alleges that, at all times mentioned herein, Defendants, and each of them, beached their duty of care by operating, driving, maintaining, servicing, and/or controlling their vehicle in an unreasonable and unsafe manner.

41. Plaintiffs alleges that, at all times mentioned herein, because of Defendants, and each of their, negligence and careless operation of the subject vehicle, Plaintiffs sustained severe and debilitating injuries.

42. Plaintiffs allege that, at the time of the subject incident, Defendant LYNCH was operating Defendants' Vehicle in a reckless and dangerous manner and in conscious disregard for the rights and safety of foreseeable motorists and passengers such as Plaintiffs and is thereby liable for punitive damages.

43. Plaintiffs allege that, at the time of the subject incident, Defendant LYNCH was functioning within the course and scope of his employment with Defendant SYSTEM TRANSPORT and, as a result, Defendant SYSTEM TRANSPORT is vicariously liable for Defendant LYNCH's negligence pursuant to the doctrine of respondeat superior liability.Plaintiffs are informed and believe, and thereon allege that, at the time of the subject incident, Defendant LYNCH was operating Defendants' vehicle as an agent of Defendant SYSTEM TRANSPORT with their authority, permission, knowledge, and consent, whether implied or express, and, as a result, Defendant SYSTEM TRANSPORT is vicariously liable for Defendant LYNCH's negligence pursuant to the doctrine of respondeat superior liability.

44. Plaintiffs are informed and believe, and thereon allege, that Defendant LYNCH violated NRS 484B.603 for failure to use due care while operating Defendants' Vehicle, and caused harm to the class of persons that the statute was intended to protect, and the injuries suffered were of the type, the statute was intended to prevent; as such, Defendant LYNCH is negligent per se.

///



45. That, as a direct and proximate result of the negligence of Defendants, and each of them, a traffic collision occurred and Plaintiffs sustained personal injuries, all or some of which conditions may be permanent and disabling. As such, Plaintiffs are entitled to recover damages for the pain, suffering, anxiety, disability, emotional distress, physical injuries, and medical treatment, both past and future, relating to his injuries, all of which are damages recoverable, in an amount in excess of Fifteen Thousand Dollars ($15,000.00).

46. That as a direct and proximate result of the negligence of Defendants, and each of them, Plaintiffs received medical care and other treatment for the aforementioned injuries, and has incurred expenses for medical care and treatment and expenses incidental thereto, all to Plaintiffs' damages, the present amount of which is unknown. Such expenses will continue to accrue in the future, all to Plaintiffs' damages in a presently unascertainable amount. In this regard, Plaintiffs prays for leave of the Court to insert all said damages herein when the same have been fully ascertained.

47. That as a direct and proximate result of the negligence of Defendants, and each of them, Plaintiffs suffered physical impairment, mental anguish, and loss of enjoyment of life, all of which are damages recoverable by Plaintiffs, in a presently unascertainable amount.

48. That as a direct and proximate result of the aforementioned negligence of Defendants, and each of them, Plaintiffs have sustained a loss of earning capacity, past and future, as well as a loss of wages.

49. That as a further direct and proximate result, Plaintiffs have suffered a loss of past and future household services in an amount to be proven at trial.

50. That as a direct and proximate result of the aforementioned negligence of Defendants, and each of them, Plaintiffs have been required to engage the services of an attorney, incurring attorney's fees and costs to bring this action.

**SECOND CAUSE OF ACTION**
(Negligent Entrustment – Against Defendant SYSTEM TRANSPORT, INC.)

51. Plaintiffs incorporate and reallege the preceding paragraphs as though fully set forth herein.

8

52. Plaintiffs are informed and believe, and thereon allege, that Defendants SYSTEM TRANSPORT, and DOES I through X and ROES I through X, inclusive, entrusted Defendants' vehicle to Defendant LYNCH who was operating the subject vehicle at the time of the subject incident that gives rise to this lawsuit.

53. Plaintiffs are informed and believe, and thereon allege that, at the time of the subject incident, Defendant SYSTEM TRANSPORT entrusted Defendant LYNCH to operate Defendants' vehicle as an agent of Defendant SYSTEM TRANSPORT with their authority, permission, knowledge, and consent, whether implied or express, and, as a result, Defendant SYSTEM TRANSPORT is vicariously liable for Defendant LYNCH's negligence pursuant to the doctrine of respondeat superior liability.

54. Plaintiffs are informed and believe, and thereon allege, that at all times mentioned herein, Defendant SYSTEM TRANSPORT had a duty to entrust, service, and maintain Defendants' Vehicle in a reasonably safe manner.

55. Plaintiffs are informed and believe, and thereon allege, Defendants SYSTEM TRANSPORT, and DOES I through X, inclusive, knew or should have known that Defendant LYNCH was unfit and incompetent to drive Defendants' vehicle at the time of the subject incident.

56. Plaintiffs are informed and believe, and thereon allege, that Defendant SYSTEM TRANSPORT knew or should have known that entrusting Defendant LYNCH to operate Defendants' vehicle would create an unreasonable risk of harm to others and led to Plaintiffs' injuries and related damages.

57. Plaintiffs are informed and believe, and thereon allege, that Defendants SYSTEM TRANSPORT, and DOES I through X, inclusive, had the ability and duty to supervise and control the conduct of Defendant LYNCH, but failed to do so and allowed the "unfit" driver to operate Defendant's vehicle.

58. Plaintiffs are informed and believe, and thereon allege, that Defendants SYSTEM TRANSPORT, and DOES I through X, inclusive, were negligent because they failed to exercise reasonable care to prevent Defendant LYNCH's foreseeable negligent and reckless conduct.

59. Plaintiffs allege that, at the time of the subject incident, Defendant SYSTEM TRANSPORT knew or should have known that Defendant LYNCH was unfit and incompetent to drive Defendants' vehicle and conscious disregarded their duty to prevent incompetent and unfit drivers, such as Defendant LYNCH, from operating commercial vehicles thereby compromising the rights and safety of foreseeable motorists and passengers such as Plaintiffs. Accordingly, Defendant SYSTEM TRANSPORT is liable for punitive damages.

60. Plaintiffs are further informed and believe, and thereon allege, that Defendants SYSTEM TRANSPORT and DOES I through X, inclusive, were agents, servants, employees, successors in interest, and/or joint venturers of their co-defendants, and were, as such, acting within the course, scope, and authority of said agency, employment and/or venture, and that each and every defendant, as aforesaid, when acting as a principal, was negligent in the selection of each and every other defendant as an agent, servant, employee, successor in interest, and/or joint venturer.

61. Plaintiffs are further informed and believe, and thereon allege, that the aforementioned negligent entrustment of the SUBJECT VEHICLE by Defendants SYSTEM TRANSPORT, and DOES I through X, inclusive, directly, and proximately caused or contributed to causing the subject incident and, thereby, directly, legally, and proximately caused the injuries and damages to Plaintiffs as complained of herein.

62. As a legal, direct, and proximate result of the reckless, and negligent conduct of Defendants SYSTEM TRANSPORT, and DOES I through X, inclusive, Plaintiffs have sustained damages resulting from physical injuries, mental anguish, and anxiety all to his general damages in a sum in excess of the jurisdictional limits of this Court.

63. That, as a direct That as a direct and proximate result of the negligence of Defendants, and each of them, a traffic collision occurred and Plaintiffs sustained personal injuries, all or some of which conditions may be permanent and disabling. As such, Plaintiffs are entitled to recover damages for the pain, suffering, anxiety, disability, emotional distress, physical injuries, and medical treatment, both past and future, relating to his injuries, all of which are damages recoverable, in an amount in excess of Fifteen Thousand Dollars ($15,000.00).

64.     That as a direct and proximate result of the negligence of Defendants, and each of them, Plaintiffs received medical care and other treatment for the aforementioned injuries, and has incurred expenses for medical care and treatment and expenses incidental thereto, all to Plaintiffs' damages, the present amount of which is unknown. Such expenses will continue to accrue in the future, all to Plaintiffs' damages in a presently unascertainable amount. In this regard, Plaintiffs pray for leave of the Court to insert all said damages herein when the same have been fully ascertained.

65.     That as a direct and proximate result of the negligence of Defendants, and each of them, Plaintiffs received medical care and other treatment for the aforementioned injuries, and that said services, care, and treatment is continuing and shall continue in the future, all to his damages.

66.     That as a direct and proximate result of the negligence of Defendants, and each of them, Plaintiffs suffered physical impairment, mental anguish, and loss of enjoyment of life, all of which are damages recoverable by Plaintiffs, in a presently unascertainable amount.

67.     That as a direct and proximate result of the aforementioned negligence of Defendants, and each of them, Plaintiffs have sustained a loss of earning capacity, past and future, as well as a loss of wages.

68.     That as a further direct and proximate result, Plaintiffs have suffered a loss of past and future household services in an amount to be proven at trial

69.     That as a direct and proximate result of the aforementioned negligence of Defendants, and each of them, Plaintiffs have been required to engage the services of an attorney, incurring attorney's fees and costs to bring this action.

### THIRD CAUSE OF ACTION
(Negligent Hiring, Training, Supervision and Retention –
Against Defendant SYSTEM TRANSPORT, INC.)

70.     Plaintiffs incorporate and reallege the preceding paragraphs as though fully set forth herein.

///

///

71. Plaintiffs allege that Defendant SYSTEM TRANSPORT, had a duty to exercise due care in its dealings with Plaintiffs and in the selection, hiring, training, supervision, oversight, direction, retention, and control of its employees and/or agents.

72. Plaintiffs allege that Defendant SYSTEM TRANSPORT, breached that duty by selecting, hiring, training, supervising, retaining, and controlling Defendant LYNCH, even though Defendant SYSTEM TRANSPORT, knew or should have known that Defendant LYNCH was unfit, incompetent, inexperienced, or insufficiently trained to operate Defendants' Vehicle on the date and time of the subject collision.

73. Plaintiffs allege that Defendant SYSTEM TRANSPORT's breach of duty was a legal cause of Plaintiffs' injuries and that Plaintiffs suffered damages as a result thereof.

74. That, as a direct and proximate result of the negligence of Defendants, and each of them, Plaintiffs sustained personal injuries, all or some of which conditions may be permanent and disabling. As such, Plaintiffs are entitled to recover damages for the pain, suffering, anxiety, disability, emotional distress, physical injuries, and medical treatment, both past and future, relating to his injuries, all of which are damages recoverable, in an amount in excess of Fifteen Thousand Dollars ($15,000.00).

75. That as a direct and proximate result of the negligence of Defendants, and each of them, Plaintiffs received medical care and other treatment for the aforementioned injuries, and has incurred expenses for medical care and treatment and expenses incidental thereto, all to Plaintiffs' damages, the present amount of which is unknown. Such expenses will continue to accrue in the future, all to Plaintiffs' damages in a presently unascertainable amount. In this regard, Plaintiffs pray for leave of the Court to insert all said damages herein when the same have been fully ascertained.

76. That as a direct and proximate result of the negligence of Defendants, and each of them, Plaintiffs received medical care and other treatment for the aforementioned injuries, and that said services, care, and treatment is continuing and shall continue in the future, all to his damages.

///

77. That as a direct and proximate result of the negligence of Defendants, and each of them, Plaintiffs suffered physical impairment, mental anguish, and loss of enjoyment of life, all of which are damages recoverable by Plaintiffs, in a presently unascertainable amount.

78. That as a direct and proximate result of the aforementioned negligence of Defendants, and each of them, Plaintiffs have sustained a loss of earning capacity, past and future, as well as a loss of wages.

79. That as a further direct and proximate result, Plaintiffs have suffered a loss of past and future household services in an amount to be proven at trial

80. That as a direct and proximate result of the aforementioned negligence of Defendants, and each of them, Plaintiffs have been required to engage the services of an attorney, incurring attorney's fees and costs to bring this action.

### PRAYER FOR RELIEF

**WHEREFORE** Plaintiffs pray for judgment against Defendants, and each of them, as follows:

1. For general damages in an amount in excess of $15,000.00;
2. For special damages in an amount in excess of $15,000.00;
3. Medical and incidental expenses incurred and to be incurred;
4. Damages for past and future pain, suffering, mental anguish, and loss of enjoyment of life;
5. Damages for loss of past and future household services;
6. Damages for loss of past and future earning capacity and lost wages;
7. For punitive damages in the amount to be determined at trial;
8. For an award of attorney's fees, costs of suit, and interest incurred; and

///

///

///

9. For such other and further relief as the Court may deem just and proper.

Dated this 7th day of December 2021.

VALIENTE MOTT, LTD.

_____
JAMES A. TRUMMELL, ESQ.
Nevada Bar No. 14127
MICHAEL S. VALIENTE, ESQ.
Nevada Bar No. 14293
TIMOTHY A. MOTT, ESQ.
Nevada Bar No. 12828
7785 W. Sahara Ave. #102
Las Vegas, Nevada 89117

*Attorneys for Plaintiffs*

```
1   IAFD
    MICHAEL S. VALIENTE, ESQ.
2   Nevada Bar No. 14293
    mike@valientemott.com
3   TIMOTHY A. MOTT, ESQ.
    Nevada Bar No. 12828
4   tim@valientemott.com
    JAMES A. TRUMMELL, ESQ.
5   Nevada Bar No. 14127
    jim@valientemott.com
6   VALIENTE MOTT, LTD.
    7785 W. Sahara Ave. #102
7   Las Vegas, Nevada 89117
    Telephone: (702) 623-2323
8   Facsimile: (702) 623-2323

9   Attorneys for Plaintiffs
```

FILED
FIFTH JUDICIAL DISTRICT
DEC - 8 2021
Nye County Clerk
Sarah Westfall Deputy

IN THE FIFTH JUDICIAL DISTRICT COURT

IN AND FOR THE COUNTY OF NYE, STATE OF NEVADA

IGNACIO GONZALES ORTIZ, an individual; and ADELINA CHAPARRO, an individual,

Plaintiffs,

v.

DAVID JOHN LYNCH, an individual; SYSTEM TRANSPORT, INC., a foreign corporation; DOE INDIVIDUALS I through X; and ROE ENTITIES I through X, Inclusive,

Defendants.

Case No.: CV21-0743
Dept. No.: 1

**INITIAL APPEARANCE AND FEE DISCLOSURE (NRS CHAPTER 19)**

Pursuant to NRCP Chapter 19, as amended by Senate Bill 106, filing fees are submitted for parties appearing in the above-entitled action as indicated below:

///

///

1

| | |
|---|---:|
| Plaintiff, IGNACIO GONZALES ORTIZ | $245.00 |
| Plaintiff, ADELINA CHAPARRO | $ 30.00 |
| **Total Remitted:** | **$275.00** |

Dated this 7th day of December 2021.

VALIENTE MOTT, LTD.

_____
JAMES A. TRUMMELL, ESQ.
Nevada Bar No. 14127
MICHAEL VALIENTE, ESQ.
Nevada Bar No. 14293
TIMOTHY A. MOTT, ESQ.
Nevada Bar No. 12828
7785 W. Sahara Ave. #102
Las Vegas, Nevada 89117

*Attorneys for Plaintiffs*

2

MICHAEL S. VALIENTE, ESQ.
Nevada Bar No. 14293
mike@valientemott.com
TIMOTHY A. MOTT, ESQ.
Nevada Bar No. 12828
tim@valientemott.com
JAMES A. TRUMMELL, ESQ.
Nevada Bar No. 14127
jim@valientemott.com
VALIENTE MOTT, LTD.
7785 W. Sahara Ave. #102
Las Vegas, Nevada 89117
Telephone: (702) 623-2323
Facsimile: (702) 623-2323

*Attorneys for Plaintiffs*

### IN THE FIFTH JUDICIAL DISTRICT COURT

### IN AND FOR THE COUNTY OF NYE, STATE OF NEVADA

| | |
|---|---|
| IGNACIO GONZALES ORTIZ, an individual; and ADELINA CHAPARRO, an individual, <br><br> Plaintiffs, <br><br> v. <br><br> DAVID JOHN LYNCH, an individual; SYSTEM TRANSPORT, INC., a foreign corporation; DOE INDIVIDUALS I through X; and ROE ENTITIES I through X, Inclusive, <br><br> Defendants. | Case No.: CV21-0743 <br> Dept. No.: 1 <br><br><br> **SUMMONS** |

### SUMMONS – CIVIL

**NOTICE! YOU HAVE BEEN SUED. THE COURT MAY DECIDE AGAINST YOU WITHOUT YOUR BEING HEARD UNLESS YOU RESPOND WITHIN 21 DAYS. READ THE INFORMATION BELOW.**

**TO THE DEFENDANT(S):** A civil Complaint has been filed by the Plaintiff against you for the relief set forth in the Complaint.

**SYSTEM TRANSPORT, INC.**

1